# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHMM, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**FREEMAN MARINE EQUIPMENT, INC.,**<br><br>Defendant. | Case No. 3:12-cv-1484-ST<br><br>**DECLARATION OF SABRINA CELLIER** |

I, Sabrina Cellier, declare under penalty of perjury as follows:

1. CHMM, LLC has asked me to provide my opinion as to whether, under Swiss law, Freeman Marine Equipment, Inc. may claim the benefit of the warranty provisions contained in a certain Shipbuilding Contract dated the 19th day of April 2006 between CHMM, LLC and Nobiskrug GmbH.

2. My background is that of a qualified Swiss lawyer, member of the Geneva and Swiss bars. I am a partner at Stauffer & Associés, a law firm specialized in commercial law. I graduated at the University of Geneva in 2000 and was admitted to the bar in 2003. I joined Stauffer & Associés in 2000 and have worked since as counsel and/or representative of parties before Swiss courts as well as before arbitral tribunals. I have also assisted counsels and arbitrators in proceedings under various arbitral institutions in Geneva, Zurich and abroad. My main area of practice is business and contract law.

3. I have been advised that Freeman Marine Equipment, Inc. designed, manufactured, and/or supplied a certain weathertight door for installation in the M/Y JAMAICA BAY, and that said door suffered a catastrophic failure while the vessel was underway which resulted in flooding of the vessel which damaged the vessel and other property contained therein.

4. I have been advised that Freeman Marine Equipment, Inc. was a supplier and/or subcontractor to the Shipbuilder chosen by the latter and that there is no written agreement signed between Freeman Marine Equipment, Inc. and CHMM, LLC.

5. I have reviewed the Shipbuilding Contract dated the 19th day of April 2006 ("Shipbuilding Contract"). Freeman Marine Equipment, Inc. is not a party to the Shipbuilding Contract.

6. The Shipbuilding Contract is subject to Swiss law pursuant to Clause 16.1, which provides as follows:

   *This Contract shall be governed by and construed in accordance with the law of Switzerland, but ownership to the Yacht and the Builder's lien rights shall be governed by and construed in accordance with German law.*

7. The Shipbuilding Contract provides that the Shipbuilder must manufacture and deliver a yacht to CHMM, LLC according to certain specifications. Under Swiss law, the Shipbuilding Contract must thus be qualified as a Work Contract subject to art. 363 et seq. of the Swiss Code of Obligations (CO).

8. Under Swiss law, where there is such a contract between a principal and a contractor, there is no contractual relationship between a supplier and/or subcontractor of the main contractor and the principal (Swiss Federal Court Ruling (*Arrêt du Tribunal Fédéral*, ATF) 136/2010 III 24; ATF 116/1990 II 305; Peter GAUCH, Der Werkvertrag, 5th ed. 2011 N 162, François CHAIX, Commentaire Romand, 2nd ed. 2012, N 40 ad art. 363 CO, N 21 ad art. 364 and N 1 ad art. 368 CO; Luc THEVENOZ Commentaire Romand, 2nd ed. 2012, N 11 ad art. 101 CO; Pierre TERCIER/Pascal FAVRE, Les Contrats Spéciaux, 4th ed. 2009, N 4302; art. 365 CO and art. 364 para 3 CO cum art. 101 CO; Theodor BÜHLER, Zürcher Kommentar, 3rd ed. 1998, N 52 ad art. 364 CO). Accordingly, there is no contractual relationship between Freeman Marine Equipment, Inc. and CHMM, LLC.

9. Clause 11.1 of the Shipbuilding Contract provides in relevant part:

   ***11.1 Extent of Warranty***

   *(a) The Builder shall remedy by repairing to as new standard or if necessary replacing*

   *(i) all defects in the Yacht or her engines, machinery, equipment or in the Yacht's freeboard or superstructure exterior coatings*

*(including but not limited to blistering, yellowing or other discoloration or fading of the finish) which become apparent during the period of twelve (12) months plus five (5) Business Days after delivery of the Yacht to Purchaser as evidenced by a fully executed Protocol of Delivery and Acceptance, (in the case of gloss coatings as defined in the Specifications);*

*(ii)* *all defects in the Yacht's underwater coatings which become apparent during the period of twelve (12) months plus five (5) Business Days after delivery of the Yacht to Purchaser as evidenced by a fully executed Protocol of Delivery and Acceptance, and which result in rusting greater than RE2 on the European Scale of Rusting for Anticorrosive Paints; and*

*(iii)* *all defects in the Yacht's tank coatings (ballast tanks, fresh water tank and grey water tank coatings) which become apparent during the period of twelve (12) months plus five (5) Business Days after delivery of the Yacht to Purchaser as evidenced by a fully executed Protocol of Delivery and Acceptance, and which result in rusting greater than RE2 on the European Scale of Rusting for Anticorrosive Paints;*

*(iv)* *all defects in the Yacht's hull and superstructure, including structural defects, failure and osmosis, during the period of Twenty Four (24) months plus five (5) Business Days after delivery of the Yacht to Purchaser as evidenced by a fully executed Protocol of Delivery and Acceptance;*

***provided that** in each case written notice of such defect is given to the Builder within ten (10) Business Days after discovery.*

*(b)* *The foregoing warranty shall apply only to the work of the Builder, Builder's employees, and of its sub-contractors and suppliers. The Builder's liability shall be limited to the above mentioned obligations as to extent and duration. The Builder and/or its subcontractors and suppliers shall have no liability whatsoever for any consequential loss, damages or expense in any way deriving from or connected with the*

*above defects or from any remedial action taken, or for defects due to normal wear and tear, overloading, accidents, fire, improper loading or stowage of the Yacht.*

10. It is a well-established principle under Swiss law, that contracts are binding for the parties only and that third parties cannot derive any rights or obligations from a contract they have not signed: such a contract constitutes a *res inter alios acta* (ATF 136/2010 III 24; ATF 120/1994 II 112; ATF 117/1991 II 315; ATF 94/1968 II 161; François CHAIX, op. cit. N 36 ad art. 363; Pierre TERCIER, Droit des Obligations, 5th ed. 2012, N 228-229; Daniel GUGGENHEIM, Le Droit Suisse des Contrats, Tome I, 1991, p. 22-23). Consequentially, provisions concerning choice of law, arbitration, limitation of liability, etc. cannot be used by or against a non-signatory unless the contract has been validly assigned to a third party.

11. Therefore, notwithstanding the provisions of Clause 11.1(b) of the Shipbuilding Contract, it is my opinion that under Swiss law Freeman Marine Equipment, Inc. may not claim the benefit of any limitations or restrictions contained in the warranty provisions of the Shipbuilding Contract.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Geneva, October 5, 2012

Stauffer & Associés
Sabrina Cellier, av.