UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CHMM, LLC,

        Plaintiff,

    v.

FREEMAN MARINE EQUIPMENT, INC.,

        Defendant.

Case No. 3:12-cv-01484-ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, CHMM, LLC ("CHMM"), was and is the owner of M/Y JAMAICA BAY III ("Vessel"), a 59.5-meter motor yacht. NOBISKRUG GmbH ("Nobiskrug") built the Vessel for CHMM at its shipyard in Germany. Defendant, Freeman Marine Equipment, Inc. ("Freeman Marine"), manufactured and/or supplied a weathertight exterior door for installation on the Vessel in order to provide access from the deck to the interior spaces.

On or about November 16, 2011, while the Vessel was underway, the door failed and allowed seawater to flood the interior of the Vessel, causing severe damage to the Vessel and its

1 - FINDINGS AND RECOMMENDATION

contents. To recover $18 million in economic damages, CHMM filed a Complaint alleging five tort claims against Freeman Marine.

Freeman Marine filed a Motion to Dismiss (docket #11), which this court granted in part and denied in part. Order (docket #35), adopting Findings and Recommendations (docket #28). In particular, this court dismissed: (1) the First through Fifth Claims for damage to property installed on and integrated into the Vessel prior to its delivery by Nobiskrug to CHMM, and (2) that portion of the Sixth Claim alleging a breach of contract. This court also granted leave to CHMM to amend its tort claims "[t]o the extent that [it] seeks tort remedies for damage to 'other property' added after delivery of the Vessel by Nobiskrug to CHMM." CHMM has appealed the dismissal Order (docket #39).

On February 21, 2013, CHMM filed a Second Amended Complaint (docket #37) which expressly reserves its rights with respect to dismissal of the First through Fifth Claims, alleges new tort claims (Seventh through Eleventh Claims) for damages to unspecified "other property" added after delivery of the Vessel by Nokiskurg to CHMM and adds allegations to the Sixth Claim. Freeman Marine has filed a Motion to Dismiss Plaintiff's Second Amended Complaint (docket #41). For the reasons that follow, that motion should be granted in part and denied in part.

## FINDINGS

### I. Tort Claims (Seventh through Eleventh Claims)

Applying the economic loss rule, this court allowed CHMM to pursue tort claims for damage to "other property" added after delivery of the Vessel. Those claims are now alleged as the Seventh through Eleventh Claims in the Second Amended Complaint.

Based on the clarification provided by CHMM that it is only seeking post-delivery damages, Freeman Marine has withdrawn this portion of it motion to dismiss these five tort claims (docket #48).

## II.  Breach of Contract/Warranty Claim (Sixth Claim)

The Sixth Claim in the Amended Complaint summarily alleged that "[i]f any of the damages alleged herein are governed by principles of contract, quasi-contract, and/or warranty, [Freeman] has breached such provisions, duties and obligations with respect to the failed Door." Amended Complaint, ¶ 93.  Freeman Marine moved to dismiss that claim by briefly arguing that CHMM failed to identify any contract or warranty between the parties and to allege any justification for a quasi-contractual remedy.  In response, CHMM conceded that it had no contractual relationship with Freeman Marine and had located no warranty from Freeman Marine, but explained that the Sixth Claim was alleged as an alternative claim if further investigation uncovered a warranty from Freeman Marine of which it is a beneficiary. Therefore, the court declined to dismiss the Sixth Claim as premature "assuming that CHMM is willing to accept the risk of Rule 11 sanctions."

The Second Amended Complaint realleges the Sixth Claim, adding the new paragraphs 81-83, 85, 94-95 and 100-102.  Once again Freeman Marine seeks to dismiss the Sixth Claim as failing to state a claim for relief, but now presents much more detailed arguments in support.

### A.    Quasi-Contract Claim

As in the Amended Complaint, paragraph 93 of the Sixth Claim in the Second Amended Complaint broadly refers to the "principles of quasi-contract," but, other than incorporating all of the prior allegations, contains no supporting factual allegations as to the nature of the alleged quasi-contract breached by Freeman Marine.

3 - FINDINGS AND RECOMMENDATION

In contrast to an express or implied-in-fact contract, an implied-in-law quasi-contract requires no expression of assent and is "implied to prevent injustice, and the remedy for an implied-in-law contract may be less than the benefit of the bargain damages ordinarily available for breach of an express or implied–in–fact contract." *Staley v. Taylor,* 165 Or App 256, 262, 994 P2d 1220 (2000), citing 1 CORBIN ON CONTRACTS, § 19 at 49-50. As explained by one commentator, "the 'implied in law' quasi-contract is no contract at all, but a form of the remedy of restitution." RESTATEMENT (SECOND) OF CONTRACTS, § 4, Reporter's Note, Comment b. An implied-in-law quasi-contract includes the theories of promissory estoppel as recognized in *Neiss v. Ehlers*, 135 Or App 218, 228, 899 P2d 700, 706-07 (1995), and unjust enrichment as recognized in *Jaqua v. Nike, Inc.*, 125 Or App 294, 298, 865 P2d 442, 445 (1993).

Freeman Marine characterizes CHMM's breach of quasi-contract claim as a claim for unjust enrichment. An unjust enrichment claim requires allegations that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware of the benefit conferred; and (3) the defendant accepted or retained the benefit under circumstances that would render it unjust to retain the benefit without paying for its value. *Jaqua*, 125 Or App at 298, 865 P2d at 445. CHMM does not allege the elements necessary to state a claim for unjust enrichment. Instead, CHMM contends that the breach of a quasi-contract claim is not necessarily an unjust enrichment claim. Rather than shedding any light on the nature of this claim, it merely argues that it is surely entitled to some equitable remedy if it has no viable tort or express contract claim. It cannot even explain what future discovery may support this potential claim.

At this point, CHMM fails to adequately allege a claim for breach of a quasi-contract under Oregon law and cannot explain how it may be able to do so in the future. Accordingly,

this portion of the Sixth Claim should be dismissed. If discovery does unveil some viable claim for breach of a quasi-contact, then CHMM may seek to amend to add such a claim.

## B. Express Warranty Claim

The Sixth Claim also alleges that Freeman Marine breached an express warranty. "The elements of a cause of action for breach of warranty are: (1) a warranty; (2) breach of that warranty; (3) notice to the warrantor of the breach; and (4) damages proximately caused by the breach." *Wagner Tractor, Inc. v. Shields*, 381 F2d 441, 443-44 (9th Cir 1967) (citation omitted).

CHMM does not allege that Freeman Marine provided or passed on any warranty document to CHMM regarding the door upon delivery of the Vessel. Instead, CHMM alleges that the express warranty consists of representations regarding the door's suitability in Freeman Marine's advertising materials (paragraphs 97-98) and in "various documents and drawings, including but not limited to Nobiskrug drawing number 2641-01-01" (paragraph 99). These are the same allegations previously alleged in the Fifth Claim in the Amended Complaint, and now alleged in the Seventh Claim in the Second Amended Complaint, for negligent misrepresentation. An express warranty is generally a warranty that is negotiated between the parties. In this case, such an express warranty would rest on some provision contained in CHMM's Shipbuilding Contract with Nobiskrug or on some express warranty provided by Freeman Marine to Nobiskrug and intended to benefit CHMM. CHMM has cited no authority that representations set forth in general advertisements or on drawings can constitute an express warranty.

CHMM cites *Kelly v. Olinger Travel Homes, Inc.*, 200 Or App 635, 117 P3d 282 (2005), for the proposition that an express warranty claim can be brought against a manufacturer by a

5 - FINDINGS AND RECOMMENDATION

remote purchaser for manufacturing product defects, *i.e.*, that privity between the parties is not required.  However, *Kelly* involved an express contract warranty and not general advertising literature provided by the manufacturer to an initial purchaser.  Here CHMM has not identified any express contract warranty provided by Nobiskrug to CHMM that it is seeking to enforce against Freeman Marine.

Again, CHMM protests that it has not yet obtained discovery which may yield useful facts supporting this claim.  If and when it obtains those facts, then it can seek to amend to allege the appropriate claim.  At this point, premising a claim for breach of express warranty on representations in advertising materials and drawings does not suffice.

   C. <u>**Implied Warranty Claim**</u>

The Second Amended Complaint alleges in paragraph 100 that Freeman Marine breached its implied warranties that the door "was of merchantable quality, seaworthy, and safe to use for the purpose for which it was intended."

CHMM cannot state an implied warranty claim based on unseaworthiness.  A breach of the maritime implied warranty of workmanlike service applies only to maritime service contracts.  *See, e.g., La Esperanza de P.R. Inc. v. Perez y Cia de Puerto Rico, Inc.*, 124 F3d 10, 16-17 (1st Cir 2007).  Such a claim is inappropriate for breach of a Vessel construction contract, as a shipbuilding contract is not considered a maritime contract.  *Kossick v. United Fruit Co.*, 365 US 731, 735 (1961).

The other alleged implied warranties of "merchantable quality" and "safe to use for the purpose for which it was intended" arise under the Uniform Commercial Code (UCC).  ORS 72.3140 (merchantability); ORS 72.3150 (fitness for a particular purpose).  Freeman Marine first argues that such implied warranty claims are improper due its lack of privity with CHMM.  That

argument must be rejected. As this court has previously noted, "Oregon courts provide no direct guidance on whether a plaintiff can recover under an implied warranty theory from a remote seller for property damage." *McFadden v. Dryvit Systems, Inc.*, No. CV-04-103-ST, 2004 WL 2278542, at *8 (Oct. 8, 2004), *Findings and Recommendation adopted*, 2004 WL 2852554 (D Or Dec. 10, 2004). In other jurisdictions, "plaintiffs are frequently permitted latitude when seeking to recover property damages in warranty." *Id* (citation omitted). As a result, this court concluded that "in Oregon, a plaintiff within the normal distribution chain may recover property damages from a seller with whom he is not in privity based on breach of an implied warranty." *Id*. Therefore, privity is not necessarily required to assert an implied warranty claim for property damages. *See* 1 White, Summers & Hillman, UNIFORM COMMERCIAL CODE § 12:7 (6th ed.).

Even if privity is not necessary, Freeman Marine also argues that CHMM is not in the "normal distribution chain." That argument also must be rejected. Freeman Marine sold the door to Nobiskrug, the shipbuilder, who then incorporated the door into the Vessel sold to CHMM. This is the normal distribution chain for a door intended to be installed on a vessel.

Freeman Marine further asserts that this claim is barred by the statute of limitations. However, ORS 72.7250 clearly states that an action must be commenced within four years of tender of delivery. *See Permapost Products Co. v. Osmose, Inc.*, 200 Or App 699, 706-07, 116 P3d 909, 912-13 (2005) (four-year statute of limitations for breach of implied warranty of fitness for a particular use began to run upon delivery of purchased wood preservative). Viewing the facts in the light most favorable to CHMM, the Vessel was delivered in 2010 and the door suffered a catastrophic failure on or about November 16, 2011. Second Amended Complaint, ¶ 14. Given that the cause of action accrues at the earliest on the date of delivery, no time issues bar to CHMM's claim under an implied warranty theory.

7 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

For the reasons set forth above, Freeman's Motion to Dismiss Plaintiff's Second Amended Complaint (docket #41) should be GRANTED in part as to that portion of the Sixth Claim alleging breach of a "quasi-contract," breach of express warranty, and breach of implied warranty of seaworthiness and DENIED in part as to that portion of the Sixth Claim alleging breach of the implied warranties of merchantability and fitness for the intended purpose.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Friday, May 31, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED May 14, 2013.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge