UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**CHMM, LLC,**

          Plaintiff,

   v.

**FREEMAN MARINE EQUIPMENT, INC.**,

          Defendant.

Case No. 3:12-cv-01484-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

### INTRODUCTION

Plaintiff, CHMM, LLC ("CHMM"), consisting of three individual members, was and is the owner of a Vessel built by NOBISKRUG GmbH ("Nobiskrug") at its shipyard in Germany. Defendant, Freeman Marine Equipment, Inc. ("Freeman Marine"), manufactured and supplied a weathertight exterior door for installation on the Vessel in order to provide access from the deck to the interior spaces. On or about November 16, 2011, after delivery to CHMM[1] and while the

---

[1] CHMM has earlier represented that it accepted delivery of the Vessel from Nobiskrug on June 30, 2010, after successful completion of the sea trials.

1 - FINDINGS AND RECOMMENDATION

at sea, the door failed and allowed seawater to flood the interior, causing severe damage to the Vessel and its contents. To recover $18 million in economic damages, CHMM filed a Complaint alleging five tort claims against Freeman Marine.

Freeman Marine filed a Motion to Dismiss (docket #11), which was granted in part and denied in part. In particular, this court dismissed: (1) the "First through Fifth Claims for damage to property installed on and integrated into the Vessel prior to its delivery by Nobiskrug to [CHMM];" and (2) that portion of the Sixth Claim alleging a breach of contract, but not that portion of the Sixth Claim alleging breach of the implied warranties of merchantability and fitness for intended purpose (docket #35). This court also granted leave to CHMM to amend its tort claims "[t]o the extent that [it] seeks tort remedies for damage to 'other property' added after delivery of the Vessel by Nobiskrug to [CHMM]." CHMM has filed an appeal of the dismissal Order (docket #39).

On February 21, 2013, CHMM filed a Second Amended Complaint (docket #37) which alleges the following new tort claims:[2] Negligence (Seventh Claim); Defect in Design (Eighth Claim); Defect in Manufacture (Ninth Claim); Failure to Properly Instruct in the Installation and Use of the Door (Tenth Claim); and Negligent Misrepresentation (Eleventh Claim). The Seventh through Eleventh Claims seek recovery only for "damages to repair, replace and otherwise restore to its pre-incident condition the various 'other property' that was added to the Vessel after its delivery by Nobiskrug to CHMM and any and all other recoverable damages of any nature whatsoever which have been suffered." Second Amended Complaint, ¶¶ 117, 131, 143, 154, 166.

---

[2] With respect to the dismissed claims, the Second Amended Complaint expressly reserves all rights to recovery in the event of a successful appeal.

2 - FINDINGS AND RECOMMENDATION

Freeman Marine has now filed a Motion for Summary Judgment (docket #65) on the basis that CHMM has no standing to sue on the new tort claims.

## LEGAL STANDARD

FRCP 56(c) authorizes summary judgment if "no genuine issue" exists regarding any material fact and "the moving party is entitled to judgment as a matter of law." The moving party must show an absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 US 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and designate specific facts showing a "genuine issue for trial." *Id* at 324, citing FRCP 56(e). The court must "not weigh the evidence or determine the truth of the matter, but only determine[] whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F3d 1047, 1054 (9th Cir 1999) (citation omitted). A "'*scintilla* of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,'" does not present a genuine issue of material fact. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F2d 1539, 1542 (9th Cir), *cert. denied*, 493 US 809 (1989) (emphasis in original) (citation omitted). The substantive law governing a claim or defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F3d 1130, 1134 (9th Cir 2000) (citation omitted). The court must view the inferences drawn from the facts "in the light most favorable to the nonmoving party." *Farrakhan v. Gregoire*, 590 F3d 989, 1014 (9th Cir 2010), citing *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 255 (1986).

## FINDINGS

The Second Amended Complaint does not specify the "other property" that was added after delivery of the Vessel for which CHMM is seeking to recover damages. Therefore, Freeman Marine served an interrogatory on CHMM to identify all damages to the "other property" added post-delivery that are related to the failure of the door. In response, CHMM

3 - FINDINGS AND RECOMMENDATION

listed: "(1) Personal Effects / Clothing, $112,375.90; (2) Paintings, $26,696.50; and (3) Repair of Crew Cabin 8, which was refit between delivery of the Vessel and the Incident, $74,740.54." Plaintiff's Response to Interrogatory No. 12 (docket #65-1), pp. 6-7. The captain who works for CHMM testified in his deposition that CHMM's individual members purchased and own the allegedly damaged clothing, paintings and other furnishings placed on the Vessel. Defendant's Motion, Ex. B ("Kercher Depo.") (docket #65-2), pp. 12, 14, 45. Because CHMM does not own this "other property," Freeman Marine contends that it has suffered no actual loss or damage and, therefore, lacks standing.

### I. Lack of Ownership

CHMM has not contested the evidence submitted by Freeman Marine that the personal effects, clothing, and paintings at issue are not owned by CHMM, but by its individual members, guests and/or crew. A fundamental element of any negligence claim is actual loss or damage to the plaintiff caused by the defendant's action. *See In re Deepwater Horizon*, 732 F3d 326, 340 (5th Cir 2013). Thus, a party has no standing to recover for alleged negligent damage to property that it does not own. *See Northern Pac. R.R. Co. v. Lewis*, 162 US 366 (1896) (plaintiff who has no ownership interest in timber cannot bring action for its allegedly negligent destruction).

As a limited liability company, CHMM has no right to sue on behalf of its members for damages to its members' property. CHMM is a limited liability company organized under the laws of the Republic of the Marshall Islands. Second Amended Complaint, ¶ 3. The Marshall Islands Limited Liability Company Act provides that upon formation, a limited liability company "shall be a separate legal entity." 52 MIRC Part IV, § 9(2). It also adopts Delaware limited liability company law as controlling. 52 MIRC Part IV, § 71. The Delaware Limited Liability

4 - FINDINGS AND RECOMMENDATION

Company Act similarly provides that a Delaware limited liability company is a separate legal entity.  6 Del Code Ann § 18-201(b).  As a separate legal entity, a limited liability company possesses certain powers and privileges "as are necessary or convenient to the conduct, promotion or attainment of the business, purposes or activities of the limited liability company."  6 Del Code Ann § 18-106(b).  This includes the ability to sue and be sued in its own name.  *Rockstar Consortium US LP, Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 2:13-CV-00894-JRG, 2014 WL 1998053, at *3 (ED Tex May 15, 2014) (interpreting Delaware law).  Because a limited liability company is not interchangeable with its members, it is not the proper party to sue to recover damages to property owned by its members.  *See, e.g., In re Settoon Towing LLC*, No. 07-1263, 2009 WL 4730969, at *5 (ED La Dec. 4, 2009) (under Louisiana law, an LLC, "as a separate legal entity, should not be permitted to bring an action for personal injuries on behalf of its members.").

CHMM improperly seeks to recover for the alleged damages to the personal effects, clothing, and paintings that it does not own.  Accordingly, it lacks standing to sue for any loss or damage with respect to such "other property" through a negligence claim or similar tort claim.

## II. Joinder of Underwriter

CHMM responds that Freeman Marine and its counsel are aware that damages to the personal effects, clothing, and paintings of CHMM's members, guests, and/or crew is covered under a policy of insurance issued to CHMM by American Insurance Company ("ACE") and that ACE is pursuing recovery in this action in CHMM's name.  Plaintiff's Ex. 2, pp. 18-19, 23-24, 41-42, 45 (docket #68-2).  Accordingly, there is no risk of multiple liabilities for damage to artwork, personal effects and clothing, as those claims have been paid and ACE is subrogated to the associated rights to recover as against Freeman Marine.  Kercher Decl. (docket #67), ¶¶ 6-8.

5 - FINDINGS AND RECOMMENDATION

If necessary to dispose of the standing issue, ACE is prepared to ratify or join in this action as a named plaintiff.

Freeman Marine responds that ACE's ratification or joinder as a named plaintiff will not cure the standing defect in the Second Amended Complaint because CHMM does not own the alleged "other property." Any claim for damages must be brought by the actual owners of this alleged "other property," and not by CHMM. The fact that CHMM carried insurance for damage to the property of others, such as CHMM's members guests, and/or crew, does not convert ownership of that property to CHMM.

But given that ACE has made payments to others for damages to their property to which it is subrogated, ACE has suffered an actual loss or damage for which it has standing to recover. Pursuant to FRCP 17(a)(3), the court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Freeman Marine objects only on the basis that ACE cannot sue for damages that CHMM has not suffered. However, ACE seeks to ratify or join this action in order to recover for damages to "other property" owned not only by CHMM, but also by others pursuant to its subrogation rights. Given that Freeman Marine will not suffer any prejudice from this belated ratification or joinder by ACE, it should be permitted.

### III.  Refit of Crew Cabin 8

Freeman Marine also argues that the post-delivery repairs made as part of a "refit" to Crew Cabin 8 do not qualify as "other property" and, thus, are barred by the economic loss rule. CHMM counters that it owns Crew Cabin 8 which was installed after delivery of the Vessel. If so, recovery for damage to Crew Cabin 8 is not precluded by the dismissal of its tort claims "for

damages to property installed on and integrated into the Vessel prior to its delivery by Nobiskrug to Plaintiff" (docket #35).

In its Response to Freeman Marine's First Set of Interrogatories asking for a description of the damages to "other property," CHMM states that the repair of Crew Cabin 8 "was refit between delivery of the Vessel and the Incident" (docket #65-1). The invoices submitted by CHMM similarly identify the project as a "Refit of Crew Cabin 8" (docket #68-1). Freeman Marine asserts that a "refit" is not the equivalent of an "installation," such that the Crew Cabin 8 refit is part and parcel of the Vessel. It analogizes the "refit" to the post-delivery installation or replacement of spare parts in a product which are renewable components and not a separate product. *Sea-Land Serv,, Inc. v. Gen. Elec. Co.*, 134 F3d 149, 154-55 (3rd Cir 1998) (defective replacement part incorporated into a diesel engine during a regular overhaul was a component of the diesel engine and not a separate product). Thus, any damages suffered do not qualify as damages to "other property" for which CHMM is entitled to be compensated.

However, it is far from clear on the current record whether the refit of Crew Cabin 8 post-delivery was expected and analogous to integrating replacement parts into a product after purchase. CHMM has submitted a "Quotation" dated December 16, 2011, to repair Crew Cabin 8 which allocates the work between those portions installed "by outfitter" and "not by outfitter," which appears to confirm that CHMM paid for the installation of Crew Cabin 8 prior to the incident. Plaintiff's Ex. 1 (docket #68-1). That is sufficient to create a material issue of fact as to whether the refit of Crew Cabin 8 is "other property" added post-delivery.

///

///

///

7 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

For the reasons set forth above, Freeman Marine's Motion for Summary Judgment (docket #65) should be granted in part as to CHMM's lack of standing to recover damages for personal effects, clothing, and paintings not owned by CHMM, but denied in part as to damages for the repair of Crew Cabin 8.  However, to cure the defect in standing and pursuant to FRCP 17(a)(3), CHMM's underwriter (ACE) should be allowed to ratify or join in this action as a named plaintiff.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Monday, November 17, 2014.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED October 30, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
